No. 237
CLEVELAND RY. CO. v. GRAY
Ohio Appeals, 8th Dist., Cuyahoga County
No. 4864. Decided Feb. 18, 1924
1115. STREET RAILWAYS—Verdict for $3,000 for injuries caused by backing of street car, without warning, while intended passenger was crossing tracks in rear was not against evidence, and instruction leaving fact of negligence to jury held proper.

PER CURIAM. Epitomized Opinion
Published Only in Ohio Law Abstract

This was an action for personal injuries brought by W. H. Gray against the Cleveland Ry. Co. Mrs. Gray had gone to Linndale to attend a church dedication and was in the act of returning home when she was injured. A street car was standing at the church door for the purpose of letting people get on. While others were hurrying toward the car she was crossing behind the car in order to get to the side where the entrance was, when the car started backwards and hit her. The jury returned a verdict in favor of plaintiff for $3,000. Defendant prosecuted error. In sustaining the judgment of the lower court, the Court of Appeals held:

1. The verdict was not manifestly against the weight of the evidence.

2. As the court told the jury in substance that if it should find that the car was backed without warning when people were in front and passing around the car and that if plaintiff was injured by this backward movement, the defendant would be liable, this instruction was proper as it left the question as to whether the Railway Company was negligent to the jury.

Attorneys—Squire, Sanders & Dempsey, for Railway Co.; W. J. Mahon, for Gray, all of Cleveland.

---

No. 238
SPEER v. CLEVELAND RY. CO.
Ohio Appeals, 8th Dist., Cuyahoga County
No. 4784. Decided Jan. 19, 1924
1115. STREET RAILWAYS—Withdrawal from jury of allegation that street railway was negligent in permitting reckless conductor in control of car, held proper in absence of evidence to support it.

CHITTENDEN, J.
Epitomized Opinion
Published Only in Ohio Law Abstract

Ella Speer brought an action in the Cuyahoga Common Pleas to recover damages from the Cleveland Railway Co. as a result of an accident. She alleged in substance that she was a passenger on one of the cars of defendant and while alighting from the car the conductor negligently caused the car to start, with the result that she was thrown to the pavement and suffered a fracture of her left ankle. The defendant filed a general denial.

During the trial one of the witnesses for plaintiff testified that one of the representatives of the Railway Co., who called upon him to secure a written statement, stated that plaintiff was entitled to compensation. This statement was ruled out by the court and in so doing the court remarked that the statement of the witness was a most unfair one and instructed the jury to disregard it. The court in its charge to the jury stated that there was an allegation that an incompetent conductor was in charge of the car, but that there was no evidence in support of that allegation, and therefore withdrew it from the jury. As the jury rendered a verdict for the defendant, plaintiff prosecuted error, claiming that the verdict was against the weight of the evidence and that the court committed error in its charge. In sustaining the judgment of the lower court, the Court of Appeals held:

1. The verdict was not manifestly against the weight of the evidence.

2. As there was no evidence in support of the allegation of plaintiff that the defendant company was negligent and careless in allowing a reckless and negligent conductor to be in charge and control of its street car, the court acted properly in withdrawing this allegation from the consideration of the jury.

Attorneys—Irwin Greenberg, for Speer; Squire, Sanders & Dempsey, Cleveland, for Railway Co.